UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHOICEPOINT, INC., a corporation, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06-cv-0198-JTC |

**SUPPLEMENTAL STIPULATED JUDGMENT AND ORDER FOR
PERMANENT INJUNCTION AND MONETARY RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), and Defendant ChoicePoint, Inc. ("Defendant") jointly stipulate to this Supplemental Stipulated Judgment and Order for Permanent Injunction and Monetary Relief ("Supplemental Order"), which resolves the Plaintiff's allegation that Defendant violated the Stipulated Final Judgment and Order ("Final Order") entered by this Court on February 15, 2006.

**NOW THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. This Court has jurisdiction over the subject matter of this case and over Defendant.

B. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

C. The acts and practices of Defendant are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

D.     The Court finds that entry of this Supplemental Order is in the public interest.

E.     All provisions of the Final Order remain in full force and effect except as otherwise stated in this Supplemental Order.

F.     The Final Order, *inter alia*, requires Defendant to establish and implement, and thereafter maintain, a comprehensive information security program that is reasonably designed to protect the security, confidentiality, and integrity of personal information collected from or about consumers. (Paragraph III.) The Final Order further requires Defendant to conduct regular testing or monitoring of the effectiveness of the safeguards' key controls, systems, and procedures. (Paragraph III.A.3.)

G.     Defendant experienced a one-month period of unauthorized access to personal information, that the FTC alleges Defendant should have detected, during which an unknown person began using the account of one of Defendant's subscribers to obtain personal information about consumers. This unauthorized access compromised the personal information of approximately 13,750 consumers. The FTC alleges that Defendant's failure to detect the unauthorized access resulted from Defendant's failure to establish and maintain procedures to insure that a key electronic monitoring application was operating for a four-month period. This electronic monitoring application was used to monitor customer access to, and use of, the database that was breached. The FTC further alleges that this reveals that Defendant had failed, for a four-month period, "to establish and implement, and thereafter maintain, a comprehensive information security program that is reasonably designed to protect the security, confidentiality, and integrity of personal information collected from or about consumers." The FTC alleges that Defendant failed, for that same four-month period, to conduct regular monitoring of the

effectiveness of one of the safeguards' key controls, systems, and procedures, as required by Part III.A.3 of the Final Order, thereby violating the Final Order.

H. Defendant voluntarily reported the unauthorized access to the FTC, however, Defendant makes no admissions to, and denies, the Commission's allegations other than the jurisdictional facts.

I. Defendant waives: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Supplemental Order; (b) any claim Defendant may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.

## I. MONETARY RELIEF

**IT IS HEREBY ORDERED** that Defendant pay TWO HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($275,000.00) to the Commission, within five (5) days of entry of this Supplemental Order, pursuant to payment instructions provided by the Commission.

A. All funds paid pursuant to this Paragraph shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's violations of the Final Order. Any funds not used for such equitable relief shall be deposited to the United States Treasury as equitable

-3-

disgorgement. Defendant shall have no right to challenge the Commission's choice of remedies or the manner of distribution.

B. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

## II. BIENNIAL ASSESSMENT REQUIREMENTS

(Supersedes Paragraph IV in the Final Order)

**IT IS FURTHER ORDERED** that Defendant shall obtain biennial assessments and reports ("Assessments") from a qualified, objective, independent third-party professional who uses procedures and standards generally accepted in the profession. The reporting period for the Assessments shall cover each two (2) year period after the period covered by the initial Assessment (*i.e.*, after August 15, 2006) for twenty (20) years after the date of entry of the Final Order. *Provided, however,* that the Commission, at its sole discretion, may require Defendant to obtain up to two additional biennial Assessments covering the two two-year periods following the final biennial Assessment if the FTC provides the Defendant with written notice, between August 15, 2024 and February 15, 2026, stating that the first such additional Assessment will be required, and/or written notice, between August 15, 2026 and February 15, 2028, stating that the second additional Assessment will be required.

Each Assessment shall:

A. Set forth the specific administrative, technical, and physical safeguards that Defendant has implemented and maintained during the reporting period to comply with Paragraph III of the Final Order;

B. Explain how such safeguards are appropriate to Defendant's size and complexity, the

nature and scope of Defendant's activities, and the sensitivity of the personal information collected from or about consumers;

C. Explain how the safeguards that have been implemented meet or exceed the protections required by Paragraph III of the Final Order; and

D. Certify that Defendant's security program is operating with sufficient effectiveness to provide reasonable assurance that the security, confidentiality, and integrity of personal information is protected, and has so operated throughout the reporting period.

Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies by a person qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); a person holding Global Information Assurance Certification (GIAC) from the SysAdmin, Audit, Network, Security (SANS) Institute; or a similarly qualified person or organization approved by the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission.

Within fifteen (15) days after each biennial Assessment is prepared and completed, Defendant shall notify the Commission that the Assessment has been prepared and completed and provide: (1) the name, address, phone number, and credentials of the third-party professional who conducted the Assessment; (2) an overview of the administrative, technical, and physical safeguards the third-party professional evaluated for the Assessment; and (3) proof of certification from the third-party professional as required under Paragraph II.D of this Supplemental Order. Defendant shall deliver all notifications to the Commission pursuant to Paragraph IV.D of this Supplemental Order.

All biennial Assessments shall be retained by Defendant until three (3) years after

completion of the final Assessment and provided to the Associate Director for Enforcement upon request within ten (10) business days after Defendant receives such request.

### III. COMPLIANCE MONITORING

(Supersedes Paragraph VI in the Final Order)

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of the Final Order or of this Supplemental Order:

A. Within thirty (30) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including, but not limited to:

  1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

  2. Posing as consumers and suppliers to Defendant, Defendant's employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to the Final Order or to this Supplemental Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in the Final Order or in this Supplemental Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

### IV. COMPLIANCE REPORTING

(Supersedes Paragraph VII in the Final Order)

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of the Final Order and of this Supplemental Order may be monitored:

A. For a period of twenty (20) years from the date of entry of this Supplemental Order, Defendant shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under the Final Order or this Supplemental Order, including, but not limited to: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices that are subject to the Final Order or to this Supplemental Order; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the corporation about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as practicable after obtaining such knowledge.

B. For the purposes of monitoring compliance with Paragraphs III.A.2 - 4 of the Final Order, Defendant, for a period of two (2) years from the entry date of this Supplemental Order, shall submit reports identifying, for the preceding two (2) months ("reporting

-7-

period"):

1. Each policy and procedure implemented or maintained during the reporting period to detect or prevent unauthorized disclosure, misuse, or other compromise of personal information accessible by subscribers through Defendant's non-FCRA regulated products (hereinafter "unauthorized access"), including, but not limited to, practices that verify that automated systems are operating effectively; and any and all practices that deviated from any such policy or procedure;

2. Each material risk identified during the reporting period, including, but not limited to, each material instance of unauthorized access; and each material action taken during the reporting period to identify, address, or remedy any such material risk, including, but not limited to, each material instance of unauthorized access; and

3. To the extent that Defendant has identified instances of unauthorized access that Defendant has determined do not constitute material risks, Defendant shall describe such accesses generally by type and indicate the reasons Defendant has determined that such types of unauthorized accesses are not material.

Defendant shall provide the first report within ten (10) days following the end of the two (2) month reporting period that starts on the date of entry of this Supplemental Order, and shall provide all subsequent reports within ten (10) days after the end of the reporting period to which the report applies.

C. Defendant shall notify the Commission of the filing of a bankruptcy petition by such

-8-

Defendant within fifteen (15) days of filing.

D. For the purposes of this Supplemental Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications to the Commission, to the following address:

>     Associate Director for Enforcement
>     Bureau of Consumer Protection
>     Federal Trade Commission
>     600 Pennsylvania Avenue, N.W., Room NJ-2122
>     Washington, D.C. 20580
>     Re: *United States v. ChoicePoint, Inc.*

*Provided that*, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Supplemental Order, the Commission is authorized to communicate directly with Defendant.

## V. RECORD KEEPING

(Supersedes Paragraph VIII in the Final Order)

**IT IS FURTHER ORDERED** that:

A. For a period of six (6) years from the date of entry of this Supplemental Order, Defendant and its agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Supplemental Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

1. Subscriber files containing the names, addresses, telephone numbers, all certifications made by the subscriber pursuant to Section 607(a) of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and Paragraph II.B1(a)-(b) of the Final Order, and all materials considered by Defendant in connection with its verification of the identity of the subscriber and verification of the certifications made under Section 607(a), as required by Section 607(a) of the FCRA and Paragraph II.B.1(c) of the Final Order;

2. Consumer complaints (whether received in written or electronic form, directly, indirectly, or through any third party), and any responses to those complaints, whether in written or electronic form, that relate to Defendant's activities as alleged in the Complaint and Defendant's compliance with the provisions of the Final Order;

3. Copies of all training materials that relate to Defendant's activities as alleged in the Complaint and Defendant's compliance with the provisions of the Final Order;

4. Copies of all subpoenas and other communications with law enforcement entities or personnel, whether in written or electronic form, if such documents bear in any respect on Defendant's collection, maintenance, or furnishing of consumer reports or other personal information of consumers; and

5. All records and documents necessary to demonstrate full compliance with each provision of the Final Order or of this Supplemental Order, including, but not limited to, copies of acknowledgments of receipt of the Final Order required by Paragraph IX.B of the Final Order or of receipt of the Final Order and Supplemental Order required by Paragraph VI.B of this Supplemental Order, and all reports submitted to the FTC pursuant to Paragraph VII of the Final Order or Paragraph IV of this Supplemental Order.

B. For a period of three (3) years after the date of preparation of each biennial Assessment required under Paragraph IV of the Final Order or Paragraph II of this Supplemental Order: all plans, reports, studies, reviews, audits, audit trails, policies, training materials, work papers, and Assessments, whether prepared by or on behalf of Defendant, relating to Defendant's compliance with Paragraph III of the Final Order for the compliance period covered by such biennial Assessment.

## VI. DISTRIBUTION OF FINAL AND SUPPLEMENTAL ORDERS BY DEFENDANT

(Supersedes Paragraph IX in the Final Order)

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Supplemental Order:

A. Defendant shall deliver copies of the Final Order and of this Supplemental Order to all of its principals, officers and directors, and to all managers who have responsibility directly or indirectly for any matters covered by the Final Order or this Supplemental Order, unless such persons have previously received such copies. Defendant also shall deliver an accurate summary of the Final Order and a notice of the revised time periods for Defendant's obligations under this Supplemental Order to all of its employees who verify the identity of prospective users of consumer reports, those employees who verify the uses certified to Defendant by prospective users of consumer reports, and those employees who monitor or audit the continued compliance by Defendant's subscribers with their certification of permissible purposes, unless such persons have previously received such summaries and notices. Defendant also shall deliver accurate summaries of the Final Order and of this Supplemental Order to all of its employees who are engaged in conduct related to Defendant's activities that are the subject of Paragraphs III and IV of the Final

Order or Paragraph II of this Supplemental Order, including, but not limited to, those employees designated as information security program coordinators, unless such persons have previously received such summaries. Defendant also shall deliver copies of the Final Order and of this Supplemental Order to any business entity resulting from any change in structure of Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect Defendant's compliance obligations arising under the Final Order or this Supplemental Order, including, but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to the Final Order or this Supplemental Order; or a change in the business name or address, unless such business entities have previously received such copies.

B. For current personnel, delivery shall occur within five (5) days of the date of entry of this Supplemental Order. For new personnel, delivery shall occur no later than their assuming their responsibilities. For any business entity to which distribution is required pursuant to this Paragraph, delivery shall be at least ten (10) days prior to the change in structure.

C. Defendant must secure a signed and dated statement acknowledging receipt of the Final Order and Supplemental Order, within thirty (30) days of delivery, from all persons receiving a copy of the Final Order and Supplemental Order pursuant to this Paragraph.

### VII. ACKNOWLEDGMENT OF RECEIPT OF SUPPLEMENTAL ORDER

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Supplemental Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Supplemental Order.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Supplemental Order.

## IX. COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action.

## X. NOTICE OF ENTRY OF SUPPLEMENTAL ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Supplemental Order by the Clerk of Court shall constitute notice to Defendant of the terms and conditions of this Supplemental Order, and that Defendant waives all rights to contest in any future proceeding whether Defendant was properly served with this Supplemental Order.

**IT IS SO ORDERED:**

Dated this 14th day of OCTOBER, 2009.

_____
Hon. Jack T. Camp
United States District Judge

//
//
//
//
//

| FOR THE FEDERAL TRADE COMMISSION: | FOR THE DEFENDANT: |
|---|---|
| JAMES A. KOHM<br>Associate Director for Enforcement<br>ROBERT KAYE<br>Assistant Director for Enforcement<br><br>*[signature]*<br><br>Elizabeth Tucci, Attorney<br>Robin Rosen Spector, Attorney<br>Jock Chung, Attorney<br>Federal Trade Commission<br>Division of Enforcement<br>600 Pennsylvania Avenue, NW<br>Suite NJ-2122<br>Washington, D.C. 20580<br>(202) 326-2402 (Tucci)<br>(202) 326-3740 (Spector)<br>(202) 326-2558 (fax)<br><br>DAVID SHONKA<br>Acting General Counsel | *[signature]*<br>ChoicePoint, Inc.<br>By: James Peck<br>Chief Executive Officer<br><br>*[signature]*<br>Robert R. Belair, Esq<br>Kevin L. Coy, Esq.<br>Oldaker, Belair, & Wittie L.L.P.<br>818 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20006<br><br>Counsel for Defendant<br><br>*[signature]*<br>Christopher Wolf, Esq.<br>Hogan & Hartson LLP<br>Columbia Square<br>555 Thirteenth Street N.W.<br>Washington, D.C. 20004<br><br>Counsel for Defendant |

//

//

//

//

//

**FOR THE PLAINTIFF, THE UNITED STATES OF AMERICA:**

SALLY QUILLIAN YATES
Acting United States Attorney

*/s/ Daniel A. Caldwell*

DANIEL A. CALDWELL
Assistant United States Attorney
Georgia Bar No. 102510
600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
Telephone: (404) 581-6224
Facsimile: (404) 581-6181
E-mail: Dan.Caldwell@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation
KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

*/s/ Alan J. Phelps*

ALAN J. PHELPS
Trial Attorney
Office of Consumer Litigation
PO Box 386
Washington, D.C. 20044
Telephone: (202) 307-6154
Facsimile: (202) 514-8742
E-mail: Alan.Phelps@usdoj.gov

Attorneys for Plaintiff
United States of America